UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN R., JR., <br><br>                Plaintiff, <br><br>   v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>               Defendant. | CASE NO. C19-5745 BHS <br><br>ORDER AFFIRMING DENIAL OF BENEFITS |

## I.    BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex:  Male

    Age:  30 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff:  Right knee impairments, right leg pain, arthritis in both hands, and reflex sympathy pain dystrophy.  Admin. Record ("AR"), Dkt. # 8, at 83–84.

Disability Allegedly Began:  December 7, 2015

Principal Previous Work Experience:  Laborer, pastry chef, cook, clerk, shipping clerk.  AR at 90, 305.

Education Level Achieved by Plaintiff:  Some college.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ") Joanne Dantonio:

Date of Hearing: November 27, 2017

Date of Decision: August 17, 2018

Appears in Record at: AR at 17–30

Summary of Decision:

The claimant has not engaged in substantial gainful activity since December 7, 2015, the alleged onset date. *See* 20 C.F.R. §§ 404.1571–76, 416.971–76.

The claimant has the following severe impairments: Lumbar degenerative disc disease, right knee hypermobility with subluxations, right shoulder impingement, and chronic pain syndrome. *See* 20 C.F.R. § 404.1520(c), 416.920(c).

The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with exceptions. He can lift/carry up to 20 pounds occasionally and 10 pounds frequently. He can stand, walk, and sit for six hours each in an eight-hour work day. He cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. He can have frequent exposure to high impact vibrations and hazards. He needs to use a cane in one hand.

The claimant is unable to perform any past relevant work. *See* 20 C.F.R. §§ 404.1565, 416.965.

The claimant was a younger individual (age 18–49) on the date the application was filed. *See* 20 C.F.R. §§ 404.1563, 416.963.

The claimant has at least a high school education and is able to communicate in English. *See* 20 C.F.R. §§ 404.1564, 416.964.

> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. *See* Social Security Ruling 82–41; 20 C.F.R. Part 404, Subpart P, App'x 2.
>
> Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from December 7, 2015, through the date of the ALJ's decision. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

Before Appeals Council:

Date of Decision: June 12, 2019

Appears in Record at: AR at 1–3

Summary of Decision: Denied review.

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through

four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI. ISSUES ON APPEAL

A. Whether the ALJ reasonably discounted Plaintiff's testimony.

B. Whether the ALJ reasonably rejected the opinions of treating provider Megan Colburn, ARNP.

C. Whether the ALJ reasonably rejected the opinions of treating provider Tony Pham, D.O.

D. Whether the ALJ reasonably assessed the opinions of non-examining physician James Irwin, M.D.

E. Whether newly submitted evidence undermines the ALJ's nondisability determination.

## VII. DISCUSSION

**A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony**

Plaintiff contends the ALJ failed to give valid reasons when discounting Plaintiff's subjective symptom testimony.  Pl. Op. Br (Dkt. # 10) at 2–6.  Plaintiff testified that he cannot sit down for more than 20–30 minutes at a time.  *See* AR at 48.  Plaintiff testified that he had patellar subluxations, which resulted in fluid buildup.  *See* AR at 57.  He testified that his kneecap dislocates four to five times a week.  *See* AR at 60, 312.  He testified that when this happens he has to lay down and elevate his leg.  *See* AR at 61.  Plaintiff testified that he is "pretty much laid up for the rest of the day."  *Id.*

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could have caused some degree of the symptoms; he does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because his medically determinable impairments could reasonably be expected to cause the symptoms he alleged. AR at 24.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found evidence of malingering here. *See* AR at 26. Affirmative evidence of malingering—standing alone—can support an ALJ's rejection of the plaintiff's testimony. *See Schow v. Astrue*, 272 F. App'x 647, 651 (9th Cir. 2008) (The

existence of "affirmative evidence suggesting malingering vitiates the clear and convincing standard of review") (internal quotation marks omitted). Plaintiff's Labor and Industries claim was closed after an investigator obtained video of Plaintiff walking up and down stairs, standing from a squat without hesitancy, walking while pushing a baby stroller, and kicking a tire with his affected leg. AR at 26, 457. The record supports the ALJ's determination of malingering, and thus supports her rejection of Plaintiff's symptom testimony. *See* AR at 369–80, 449–50.

The ALJ provided additional reasons for rejecting Plaintiff's symptoms, which also withstand scrutiny. The ALJ noted that Plaintiff exhibited drug-seeking behavior, and refused all non-narcotic methods of pain management. *See* AR at 25–26. An ALJ may reject the claimant's testimony where there is evidence of drug-seeking behavior, particularly where the claimant has made inconsistent statements about his substance use. *See Ridgley v. Berryhill*, 706 F. App'x 365, 366 (9th Cir. 2017); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Plaintiff testified that he had never requested opiates, and in fact refused them. *See* AR at 71. But the record is full of references to Plaintiff seeking narcotics, including opioids. *See, e.g.*, AR at 346, 453, 501, 521, 561, 591, 615, 639, 652, 708, 829. Plaintiff's provider also noted that he refused all treatment modalities other than narcotic pain management. *See* AR at 615–16, 622–23. The ALJ reasonably relied on this evidence in rejecting Plaintiff's symptom testimony.

The ALJ further noted that Plaintiff failed to comply with treatment recommendations. *See* AR at 26. An ALJ may reject the claimant's testimony based on "an unexplained, or inadequately explained, failure to seek treatment or follow a

prescribed course of treatment." *Fair*, 885 F.2d at 603. The ALJ noted that Plaintiff failed to obtain or wear a recommended knee brace. *See* AR at 26, 533, 664, 708, 748. Plaintiff was discharged from physical therapy for non-participation. *See* AR at 748. And, as noted above, Plaintiff refused all non-narcotic modalities of pain management. *See* AR at 622–23, 729–30. The ALJ reasonably interpreted this evidence in rejecting Plaintiff's symptom testimony.

Finally, the ALJ rejected Plaintiff's symptom testimony because the medical record did not support Plaintiff's testimony regarding the frequency of dislocations alleged. *See* AR at 24. The Court need not address the ALJ's analysis here because at most any error was harmless. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). The ALJ gave at least three clear and convincing reasons for rejecting Plaintiff's testimony, and all three remain valid regardless of any error in evaluating whether the record supported the frequency of patellar subluxations Plaintiff alleged. The ALJ therefore did not harmfully err in rejecting Plaintiff's symptom testimony.

**B.**   **The ALJ Did Not Harmfully Err in Rejecting Ms. Colburn's Opinions**

Plaintiff contends the ALJ failed to give valid reasons for rejecting Ms. Colburn's opinions. *See* AR at 6–8. Ms. Colburn began treating Plaintiff in September 2017, and saw him a total of three times before issuing her opinions. *See* AR at 1060–1070. On October 12, 2017, Ms. Colburn signed a letter agreeing with a narrative summary from

Plaintiff's counsel about Plaintiff's symptom reports and treatment. *See* AR at 1058. In the letter, Ms. Colburn further agreed with Plaintiff's counsel's statement that Plaintiff needed a total knee replacement, but was too young to receive one. *See id.*

The ALJ gave Ms. Colburn's opinions "no weight." AR at 27. The ALJ reasoned that Ms. Colburn's opinions were "disproportionate to the objective findings of record." *Id.* The ALJ further reasoned that Ms. Colburn "fail[ed] to provide any specifics regarding [Plaintiff's] RFC." *Id.* The ALJ last noted that Ms. Colburn did not provide bases for her opinions. *Id.*

An ALJ need only provide germane reasons to reject the opinions of a nurse practitioner.[1] *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (holding that nurse practitioners are "other sources" rather than acceptable medical sources, so an ALJ need only provide germane reasons to discount their opinions).

Plaintiff has failed to show that the ALJ harmfully erred in rejecting Ms. Colburn's opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). Failure to give "any explanation of the bases of [a provider's] conclusions" is a germane reason to reject the provider's opinions. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (citing *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983)). Here, Ms. Colburn simply agreed with a

---

[1] The Commissioner revised the regulations governing ALJ review to change nurse practitioners to acceptable medical sources. *See* 20 C.F.R. §§ 404.1502(a)(7), 416.902(a). Those regulations apply only to claims filed after March 27, 2017. *See id.* Plaintiff's claim was filed in February 2016, so the revised regulations do not apply. *See* AR at 83, 207–22.

narrative from Plaintiff's counsel. *See* AR at 1058. And her treatment notes provide minimal documentation of patellar subluxations. *See* AR at 1060–70. The ALJ reasonably concluded that Ms. Colburn did not provide adequate bases for her opinions, and did not err in rejecting those opinions.

**C.     The ALJ Did Not Harmfully Err in Rejecting Dr. Pham's Opinions**

Plaintiff contends the ALJ erred in rejecting Dr. Pham's opinions. Pl. Op. Br at 9. Dr. Pham treated Plaintiff on three occasions. *See* AR at 763–70, 1160–64. On October 17, 2017, Dr. Pham signed a letter identical to the letter Ms. Colburn signed, in which he gave the same answers as Ms. Colburn. *See* AR at 1083.

The ALJ rejected Dr. Pham's opinions for the same reasons he rejected Ms. Colburn's opinions. *See* AR at 27. An ALJ may reject the opinions of a treating doctor when contradicted if the ALJ provides "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Murray*, 722 F.2d at 502).

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). As with Ms. Colburn, Dr. Pham did not provide any basis for his opinions, he simply signed a letter agreeing to Plaintiff's counsel's narrative. *See* AR at 1083. Dr. Pham's treatment notes documented some abnormalities, but the ALJ reasonably concluded that they were not enough to show Plaintiff suffered patellar subluxations four to five times a week and needed to elevate his leg for the remainder of the day after doing so. *See* AR at 27, 763–70, 1160–64. The ALJ thus did

not err in rejecting Dr. Pham's opinions for being inadequately explained or supported. *See Crane*, 76 F.3d at 253 (citing *Murray*, 722 F.2d at 501).

**D.     The ALJ Did Not Harmfully Err in Assessing Dr. Irwin's Opinions**

Plaintiff contends the ALJ erred in accepting Dr. Irwin's opinions. *See* Pl. Op. Br. at 9. Plaintiff argues Dr. Irwin did not address the treatment Plaintiff would need from his patellar subluxations. *See id.*

Dr. Irwin reviewed Plaintiff's medical records as part of the administrative reconsideration of Plaintiff's claims. *See* AR at 109–12. Dr. Irwin opined that Plaintiff had exertional, postural, and environmental limitations. *See* AR at 111–12. Dr. Irwin noted that Plaintiff had a "[p]atellar tracking problem," but that his subjective complaints were not supported by the evidence. *See* AR at 112.

Plaintiff has yet again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. 407–09). That Dr. Irwin noted a patellar tracking problem does not mean he was required to discuss the treatment Plaintiff would need. Dr. Irwin opined as to Plaintiff's physical limitations, and could have added restrictions based on the level of treatment Plaintiff needed if he felt they would limit Plaintiff's ability to work. Although Plaintiff presents a different interpretation of the evidence, he has not shown that the ALJ erred in interpreting the evidence, or in accepting Dr. Irwin's opinions. *See Thomas*, 278 F.3d at 954.

**E.     Plaintiff's Newly Submitted Evidence Does Not Require Remand**

Plaintiff contends evidence he submitted to the Appeals Council after the ALJ's decision supported Plaintiff's claims regarding the frequency of his subluxations, and

undermined the ALJ's decision.  *See* Pl. Op. Br. at 10.  In particular, Plaintiff submitted a one-page letter from his physical therapist, Tess Harvatine, DPT, dated October 11, 2018.  *See* AR at 13.  Ms. Harvatine noted that she was treating Plaintiff for bilateral knee pain, and "[c]linical signs including laterally positioned tibial tubercles with laxity of patellar ligaments support [Plaintiff's] statements of frequent patellar dislocations." *Id.*

When additional evidence is submitted for the first time to the Appeals Council, the Court must consider whether the ALJ's decision remains supported by substantial evidence in light of the new evidence.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  The claimant in this context must "demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.3d 1378, 1380–81 (9th Cir. 1983)).

Plaintiff has failed to show that Ms. Harvatine's letter deprives the ALJ's decision of substantial evidentiary support.  First, the letter was issued after the ALJ's decision, so it is less persuasive.  *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (citing *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989)).  Second, Ms. Harvatine merely stated that clinical findings support Plaintiff's claims regarding the frequency of patellar subluxations.  *See* AR at 13.  But, as explained above, the ALJ reasonably discounted Plaintiff's testimony.  *See supra* Part VII.A.  Third, the reasons the ALJ gave for rejecting Ms. Colburn's and Dr. Pham's opinions apply with equal force to Ms. Harvatine's opinions.  *See Hoyt v. Colvin*, 607 F. App'x 692, 693 (9th Cir. 2015) (citing

*Molina*, 674 F.3d at 1122) (holding that new evidence did not require remand because the reasons the ALJ gave for rejecting the opinions of claimant's treating doctor applied with equal force to another doctor's newly submitted opinions).  Ms. Harvatine did not support her opinion by pointing to any specific clinical signs in the record.  *See supra* Part VII.B–C.  Plaintiff has consequently failed to show Ms. Harvatine's letter has a reasonable possibility of changing the outcome, and thus remand is unnecessary.

## VIII. ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 10th day of April, 2020.

BENJAMIN H. SETTLE
United States District Judge